UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **MARY ALICE LEAL** § | |
| *PLAINTIFF,* § | |
| § | CIVIL ACTION NO. |
| **v.** § | JURY DEMAND |
| § | |
| **SAN BENITO CONSOLIDATED** § | |
| **INDPENDENT SCHOOL DISTRICT** § | |
| *DEFENDANT* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW **Mary Alice Leal**, Plaintiff, and files this her Original Complaint against Defendant, **San Benito Consolidated Independent School District,** and in support thereof would respectfully show unto the Court as follows:

1. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, 623, 626 et seq. ("ADEA"). Plaintiff is a qualified individual to bring suit pursuant to the ADEA. Plaintiff is over the age of 40. At the time of the filing of this Complaint, Plaintiff is 59, years of age (D.O.B. 9/23/1961). Also, Plaintiff brings action as under Title VII to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-4, et seq., as amended.

2. Plaintiff's federal claims arise under the anti-discrimination and/or retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-4 et seq., as amended by the Civil Rights Act of 1991, ("Title VII"), the Age Discrimination in Employment Act, as amended (the "ADEA") 29 U.S.C. § 621, et seq., and Title I of the Civil Rights Act of 1991, to correct and address unlawful employment practices on the basis of age and retaliation.

3. Defendant, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, is a local governmental entity. Defendant has over 500 employees. Defendant may be served with process to the School Board President, Orlando Lopez, at 240 N. Crockett St.;

1

San Benito, Texas 78586 or Defendant may be served with process by agreement with its legal counsel, Mr. Tony Torres, as allowed under the Federal Rules of Civil Procedure.

4. This Court has jurisdiction, <u>inter alia,</u> over this action pursuant to the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq), U.S. Const. Art. III, 28 U.S.C. § 1331, and Title VII to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e-4, et seq. Plaintiff's claims arose in whole or in part in Cameron County, Texas. The event and circumstances of Plaintiff's employment occurred in Cameron County, Texas within the Federal Southern District; Brownsville Division.

5. Whenever in this Complaint it is alleged that Defendant SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, did any act or thing, it is meant that Defendant, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, and its officers, agents, servants, employees, or representatives did such act and that it was done with full authorization and ratification of Defendant.

6. Plaintiff has complied with all prerequisites for bringing an action under the ADEA, and retaliation under Title VII to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-4, et seq., including amendments thereto.

   a. On or about June 27, 2019, Plaintiff timely filed a written Charge and Complaint with the Equal Employment Opportunity Commission alleging discrimination on the basis of age and retaliation.

   b. On or about October 2, 2020, the EEOC issued a Right to Sue Letter notifying Plaintiff that she had the right to sue within 90 days of the receipt of notification (**Exhibit A**). Plaintiff has filed this action within 90 days of the receipt of the Notice of Right to Sue.

7. Plaintiff, MARY ALICE LEAL ("Plaintiff") was employed with Defendant, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT ("Defendant") for sixteen (16) years. Plaintiff had opposed workplace discrimination against Defendant by filing a charge complaint with the Texas Workforce Civil Rights Division, last amended on October 25, 2017. Plaintiff filed suit on January 30, 2018, in State District Court in Cause No.: 2018-DCL-00641 for gender discrimination and retaliation against Defendant. The lawsuit that was filed by Plaintiff through her counsel of record in the 107th State District Court is Mr. Mark Sossi. As of

the date of filing, Plaintiff's claims of gender discrimination and retaliation are still pending. After Plaintiff's claims of being demoted and failure to promote in her lawsuit filed in State District Court, Plaintiff was transferred to Fred Booth Elementary School as an Assistant Principal in June 2018. Beginning on September 11, 2018, Plaintiff was subjected to retaliation thru October 2018 by having three complaints filed from three different and substantially younger teachers that were false and pretextual. Plaintiff was targeted by Principal Nedia Lee Espinoza who supported and encouraged the false complaints made against Plaintiff by three younger members of her staff, namely, Monica Gonzalez, Laura Resendez, and Fabiola Herrera. The retaliation continued as Defendant falsely accused Plaintiff of making inappropriate physical contact with a student that resulted on February 21, 2019, in a recommendation of Plaintiff's teaching contract for the 2018-2019 school year to end. Not surprisingly, Dr. Nate Carman demanded Plaintiff to resign her position on November 29, 2018, or face termination on December 21, 2018. Plaintiff refused to resign her employment. Defendant chose to propose Plaintiff's non-renewal of her contract and conducted a hearing on May 6, 2019, whereby, former School Board Member, M. L. Garcia acted as the board president who decided with a quorum present to approve Plaintiff's contract to be non-renewed, thus ending Plaintiff's employment at the end of the 2018-2019 contractual year.

8. Defendant did not conduct any performance evaluations at any time during Plaintiff's employment during the 2018-2019 school year. HR Director, Andrea Cruz was under the belief that Plaintiff's evaluation had been or was being conducted, but Principal Espinoza did not conduct a performance evaluation of Plaintiff. Principal Espinoza had not conducted a performance evaluation because she believed an evaluation was not necessary because Plaintiff had been placed on administrative leave with pay. On the other hand, Superintendent Nate Carman knew that Plaintiff had not received an evaluation for the 2018-2019 school year but believed that a performance evaluation was not relevant to Plaintiff's involuntary separation. Defendant's policy is to conduct a performance evaluation on a yearly basis, and when recommending to non-renew a term contract such as Plaintiff's, to utilize as justifications to non-renew an employment contract.

9. Superintendent Carman had instructed Former Interim HR Director, Henry Sanchez to "Suggest" to Principal Espinoza on behalf of Superintendent Carman, to recommend Plaintiff's separation of employment. In the Texas Public School System, the principal at the

3

local campus makes the recommendations to the superintendent regarding all staff, hiring and firing recommendations. When Superintendent Carman recommended Plaintiff's separation of employment, he had no medical documentation that established any injury to the student. Additionally, Child Protective Services did not make a finding against Plaintiff, nor did any criminal law enforcement agency. Defendant did not submit any report to the Texas Education Agency as required, under Texas Senate Bill 7 as the allegations made by Defendant would have required, that Plaintiff has denied. Defendant separated Plaintiff from her employment and deviated from its customary policy and procedures in Plaintiff's separation of employment that were false and pretextual.

10. Defendant has engaged in a pattern and practice of age discrimination against older employees such as Plaintiff. Older employees, as Plaintiff aged forty and over have been treated differently by termination, non-renewal, constructive discharge, and demotion. Numerous employees such as Sandra Tumberlinson, Dr. Dorothy Shelton, Mary Celia Longoria, Raul Trevino, Jack Garcia, Theresa Kitamura, Lynda McKinney, Mary Julia Trevino, and Mary Alice Martinez are a few examples of disparate treatment based upon age.

11. Plaintiff was qualified by her education, experience, and training to continue her job as an Assistant Principal with Defendant. Nevertheless, on or about May 6, 2019, Plaintiff's employment was non-renewed by Defendant's school board based on Nate Carman's recommendation after Plaintiff had refused to resign as Superintendent Nate Carman had issued an ultimatum to do so.

12. Defendant has limited, segregated, and classified Plaintiff on the basis of her age. Plaintiff was discriminated against and separated from her employment involuntarily by Defendant as a result of age discrimination. On or about May 6, 2019, Plaintiff's employment was involuntarily separated by Defendant through a contract non-renewal that ended Plaintiff's employment at the end of her 2018-2019 contract year. Defendant discriminated against Plaintiff due to her age by imposing unfair and discriminatory standards on Plaintiff by disparate impact and/or different treatment due to her age.

13. Defendant's acts constitute a willful and intentional violation of the ADEA. Defendant's violation constitutes a willful violation of the ADEA with the meaning of 29 U.S.C.

§ 626(b) and this entitles Plaintiff to liquidated damages.

14. In addition, Defendant's policies, selection criteria, and actions have had a disparate and discriminatory impact on Plaintiff due to her age. Defendant's acts, omissions and conduct constitute a violation of the ADEA. By their conduct as alleged herein, The Defendant unlawfully discriminated against Plaintiff in violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. both under a different treatment and/or disparate impact theory of liability.

15. Furthermore, Plaintiff alleges that she was retaliated against in engaging in protected activity, including lodging complaints to the Texas Workforce Commission; Division of Civil Rights and filing suit against Defendant for discriminatory conduct under Title VII and Chapter 21 of the Texas Labor Code. Defendant took adverse employment action against Plaintiff by separating Plaintiff's employment involuntarily because of her engaging in protective activity and Plaintiff was harmed by that conduct as alleged herein, Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-4, et seq. It also prohibits retaliation against an individual such as Plaintiff for opposing employment practices that Plaintiff had engaged in a protected activity by filing suit and submitting charges of discrimination in opposing employment practices that discriminate as Plaintiff had done previously in her gender and retaliation lawsuit and charge complaints filed for investigation. Retaliation is prohibited in testifying, or participating in any way in an investigation, proceeding, or litigation under Title VII, 42 U.C.S. 2000e-4, et seq.

16. Because of Defendant's acts, omissions and conduct in violation of Federal law, and its intentional and willful discrimination of Plaintiff, Plaintiff was forced to retain Hodge & Shergold, L.L.P., 745 East Saint Charles Street, Suite C; Brownsville, Texas 78520, to protect Plaintiff's rights. Plaintiff seeks reasonable and necessary attorney's fees, expenses, and Court costs.

17. Plaintiff seeks actual damages for her pecuniary and non-pecuniary losses, back pay, front pay, inconvenience, loss of enjoyment of life, mental anguish, lost benefits, insurance, attorney's fees statutory and/or liquidated damages, and expert fees within the jurisdictional limits of the Court.

18.     **Jury Trial Requested.** Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant, SAN BENITO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, be cited and commanded to appear and answer, and that upon trial of this cause, Plaintiff have relief as follows:

a.  The Court award Plaintiff compensatory damages, back pay, front pay, damages for loss of enjoyment of life, mental anguish, damages for inconvenience, loss of benefits, statutory and/or liquidated damages pursuant to the ADEA and Title VII, 42 U.S.C. 2000e-4, et seq.;

b.  The Court award Plaintiff attorney's fees, Court costs and reasonable expert fees; and,

c.  The Court award Plaintiff pre-judgement and pot-judgement interest as allowed by law.

Plaintiff prays for such other and further relief to which Plaintiff is entitled.

Respectfully Submitted,

By: */s/John L. Shergold*_____
John L. Shergold

State Bar No. 00794624
Federal No. 20768

**HODGE & SHERGOLD, L.L.P.**
745 East Saint Charles Street, Suite C
Brownsville, Texas 78520
Tel: 956/548-9100
Fax: 956/548-9102

**ATTORNEY IN CHARGE
FOR PLAINTIFF**